

# THE ATTORNEY GENERAL

## OF TEXAS

**GERALD C. MANN**      AUSTIN 11, TEXAS

XXXXXXXXXX XXXXXXXXXXX

ATTORNEY GENERAL

Honorable Marvin Hall, Commissioner    Opinion No. 0-2243
Board of Insurance Commissioners      Re: Refunds to the appropriation
Austin, Texas                          for traveling expenses of the
                                     Insurance Department.

Dear Sir:

       We have your letter of June 12, 1940, requesting an opinion of this department upon the question stated below. The statement of facts contained in your letter is as follows:

       "Article 4898 of the R. C. S. 1925 provides as follows:

       "'Art. 4898. ACTING FIRE MARSHAL. - If for any reason the State Fire Marshal is unable to make any required investigation in person, he may designate the fire marshal of such city or town or some other suitable person to act for him; and such person so designated shall have the same authority as is herein given the State Fire Marshal with reference to the particular matter to be investigated by him, and shall receive such compensation for his services as the State Insurance Commission may allow. If the investigation of a fire is made at the request of an insurance company, or at the request of a policyholder sustaining loss, or at the request of the mayor, town clerk or chief of the fire department of any city, village or town in which the fire occurred, then the expenses of the Fire Marshal, clerical expenses, witnesses and officers' fees incident and necessary to such investigation shall be paid by such insurance company, or such policyholder of such city or town as the case may be, <u>otherwise the expenses of such investigation are to be paid as part of the expenses of the State Insurance Commission.</u> The party or parties, company or companies, requesting such investigation, shall before such investigation is commenced deposit with the State Insurance Commission an amount of money in the judgment of said Commission sufficient to defray the expenses of said Fire Marshal in conducting such investigation.'

       "In an effort to comply with the requirements of this article, we have been using, substantially, the following procedure:

       "When an investigation is requested by any person who is required to pay for same, one of our salaried investigators is assigned to make the investigation. He renders invoice to the company or person involved, in the name of the Board of Insurance

Commissioners, for the amount of traveling expenses actually incurred. The investigator shows these expenses on his regular monthly expense account and is paid by State Warrant drawn against our traveling expense appropriation. The company or person billed for the expense of the investigation remits to the Board and the funds thus received are deposited in the State Treasury as a refund to our traveling expense appropriation.

"The Comptroller has raised a question as to the legality of this procedure as a result of a rider on the General Appropriation Bill which reads in part as follows:

"'Traveling Expense. (a) It is provided that no expenditure shall be made for traveling expenses by any department of this State in excess of the amount of money itemized herein for said purpose. This provision shall be applicable whether the item for traveling expenses is to be paid out of the appropriation from the General Fund, from fees, receipts or special funds collected by virtue of certain laws of this State, or from other funds (exclusive of Federal funds) available for use by a department.'"

Upon these facts you ask the following question:

"Is the procedure which we have been following permissible and may we treat funds recovered from the companies or persons for investigations, as provided in Article 4898, as refunds to our appropriation for traveling expense and expend these recovered funds from our travel appropriation during fiscal year in which they are earned?"

It is to be observed that under the provisions of Article 4898, if the investigation of a fire is made at the request of an insurance company, a policyholder sustaining loss, or the mayor, town clerk or chief of the fire department of any city, village or town in which the fire occurred, the expenses of the Fire Marshal, clerical expenses, witnesses and officers' fees incident and necessary to the investigation are not to be regarded as part of the expenses of the State Insurance Commission, but are to be paid by the insurance company, the policyholder, or the city or town, as the case may be; that in other instances, the expenses of the investigation are to be paid as part of the expenses of the State Insurance Commission.

The statutes clearly contemplate that before an investigation is commenced at the instance and request of an insurance company, a policyholder sustaining loss, the mayor, town clerk or chief of the fire department of any city, village or town, that there shall be deposited with the State Insurance Commission an amount of money sufficient to defray the expenses incurred in conducting the investigation. It is not contemplated that this shall be deposited in the Treasury, but rather that it be devoted directly to the payment of the expenses involved. Since the statute is clear to this effect, its mandate should be complied with. However, through error in

interpreting the statute heretofore, the procedure followed as indicated in your letter has been pursued, without requiring a prior deposit of money sufficient to defray the expenses, and the expenses have been erroneously paid out of the appropriation made to your department by the Legislature. This mistake can and should be corrected by depositing to the credit of your appropriation an amount collected from the person or company requesting the investigation sufficient to reimburse your traveling expense appropriation for the amount erroneously regarded as chargeable thereto. This procedure does not result in a violation of the provisions of the traveling expense rider appended to Senate Bill 427, Acts of the 46th Legislature. It does not result in an expenditure for traveling expenses by your department in excess of the amount of money itemized in the appropriation bill for that purpose, but merely insures that the full amount of money appropriated by the Legislature for traveling expenses for your department shall be applied to the purposes for which it was intended to be available.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By   /s/ R. W. Fairchild
       R. W. Fairchild
       Assistant

RWF:GO:hp

APPROVED JULY 1, 1940

/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion
Committee

By /s/ BWB
    Chairman